UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-01939-FWS-ADS Date: August 14, 2026

Title: Sharlecia Baldeo *et al.* v. Whittier Christian High School *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Rolls Royce Paschal | N/A |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**PROCEEDINGS: ORDER GRANTING UNOPPOSED PORTION OF PLAINTIFFS' MOTION TO REMAND AND DENYING PLAINTIFFS' REQUEST FOR ATTORNEY FEES AND COSTS [11]**

In their Notice of Removal of this case from Orange County Superior Court to this case, Defendants represented that "[a]ll defendants who have been properly joined and served consent to this removal." (Dkt. 1 ¶ 6.) Now before the court is Plaintiffs' Motion to Remand, in which Plaintiffs maintain that Defendant Association of Christian Schools International "was properly served before removal and did not consent." (Dkt. 11 ("Motion") at 8.) "Defendants do not oppose Plaintiffs' request to remand the action." (Dkt. 13 (Partial Opposition to Motion) at 4.) However, based on Defendants' representations that "[a]t the time the Notice of Removal was filed, Defendants understood, based on the information then reasonably available to counsel concerning service and representation status, that removal was procedurally proper"; that the statement that "all properly joined and served defendants consented . . . was made in good faith and without any intent to misrepresent a fact or procedural circumstance to the Court"; and that the parties' meet and confer process was ongoing when Plaintiffs filed the Motion, Defendants ask the court to "deny Plaintiffs' request for fees and costs and reject Plaintiffs' unsupported accusation concerning Defendants' or counsel's motives and conduct." (*Id.*)

Based on the record, as applied to the relevant law, the court rules as follows. The parties do not dispute that remand is appropriate, (Motion at 8; Partial Opposition at 4), and the court finds remand is proper.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-01939-FWS-ADS Date: August 14, 2026
Title: Sharlecia Baldeo *et al.* v. Whittier Christian High School *et al.*

That leaves only Plaintiffs' request that the court award fees and costs. (Motion at 14-15[1].) "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp*., 546 U.S. 132, 141 (2005). "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id*. "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc*., 518 F.3d 1062, 1065 (9th Cir. 2008). Whether to award costs and expenses is within a district court's discretion. *See Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015). Based on the record, as applied to the relevant law, the court exercises its discretion to decline awarding fees here.

For the foregoing reasons, based on the state of the record, as applied to the relevant law, the court **GRANTS** the Motion, and **REMANDS** this action to Orange County Superior Court as case number 30-2026-01577930. Each party shall bear its own fees and costs with respect to the matters involved in the Motion.

Finally, the court finds these matters appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Accordingly, the **hearing** set for **September 3, 2026**, is **VACATED** and **OFF CALENDAR**.

[1] The court notes that Plaintiffs do not submit information supporting a particular amount of fees and costs, but rather propose that "Plaintiffs shall file a supplemental declaration and itemization of fees and costs within fourteen (14) days of entry of this Order" and "Defendants may file a response within seven (7) days thereafter." (Dkt. 11 (Proposed Order).)